H. GORDON SMITH, Respondent, *v.* WILLIAM S. KIRKPATRICK, Appellant.

First Department, February 26, 1952.

*Frank O. Fredericks* of counsel (*Richard Kulze,* attorney), for appellant.

*Samuel D. Smoleff* of counsel (*Martin H. Selman* with him on the brief; *Kreutzer, Heller & Selman,* attorneys), for respondent.

PECK, P. J.   The complaint in the present action is the third complaint based upon the same facts, relationship and transactions between the parties.   The two prior complaints were dismissed, the first on motion based on the Statute of Frauds, and the second on the merits after trial.

Defendant's motion to dismiss the present complaint on the ground of *res judicata* was denied.   We think that under the circumstances that will be detailed, the motion should have been granted on the ground that plaintiff elected to pursue the cause of action alleged in his second complaint instead of that alleged in the present complaint, and that the election bars the present action.

In his first action, plaintiff alleged an employment to solicit and obtain export accounts for defendant, for which plaintiff was to be paid 50% of the income derived from any business for which plaintiff was responsible.   The complaint was dismissed on the ground that the contract alleged ran afoul of the Statute of Frauds.

On settlement of the order of dismissal, plaintiff submitted a memorandum asking leave to serve an amended complaint in *quantum meruit.*   Such repleading was permitted.   Plaintiff served an amended complaint.   It was not, however, in *quantum meruit.*   Plaintiff eschewed such a cause of action.   Patently he was not satisfied to assert the claim which he had asked and

received leave to prosecute, but alleged instead an agreement of joint venture, in which his share was to be 50%. Equally patently this was an attempt to allege the same cause of action as that alleged in the original complaint, only calculated to avoid the Statute of Frauds by casting the relationship in the form of a joint venture instead of an employment on a commission basis.

After trial, the court dismissed the complaint on the merits, holding that plaintiff had failed to establish his cause of action. While the court gratuitously indicated that plaintiff had some claim against defendant and went so far as to say that the failure on the part of the plaintiff to proceed on the theory of *quantum meruit* gave the defendant a windfall which in business morals and good conscience he was not entitled to, the court also made it clear that plaintiff was wholly unjustified in framing his second complaint to allege a joint venture and that his first complaint on the single theory that he was an employee of the defendant upon a commission basis correctly represented the relationship between the parties.

The present complaint seeks recovery upon the same relationship and the same transaction, but this time in *quantum meruit*.

Having stated the sequence of complaints and procedures, we think that a discussion of the niceties of the law of *res judicata* and election of remedies is not required. Perhaps, strictly speaking, the trial and dismissal on the merits of plaintiff's second complaint is not *res judicata* of the present claim. We think, however, that a sound and sensible application of the philosophy, policy and principles of *res judicata* and election of remedies forecloses the present action.

This is no case of mistaking or confusing causes of action. There has been full consciousness on plaintiff's part of his legal rights and remedies. Whatever consideration he was entitled to because his true cause of action ran against the Statute of Frauds was extended when the court hearkened to his plea for permission to amend to allege a cause of action in *quantum meruit*. Having turned his back upon that opportunity in a game for greater gain, he should be held to have made his election. The salutary assurance of a day in court is not to be abused. Like consideration of a defendant and the court and other litigants awaiting trial dictates that the day in court shall not be extended to entertain multiple versions of the same transaction.

The order appealed from should be reversed, with $20 costs and disbursements to the defendant-appellant and judgment directed to be entered dismissing the complaint herein, with costs.

VAN VOORHIS, J. (dissenting). Although what is said in the opinion of the court with respect to plaintiff's motive in changing his theory of action on the facts may well be true, the dismissal of a previous complaint can hardly be a bar to the present complaint which alleges a materially different state of facts. For the purposes of the pleadings it seems to me that we must accept the truth of the facts as stated in the third amended complaint. I, therefore, dissent and vote to affirm.

GLENNON, CALLAHAN and SHIENTAG, JJ., concur with PECK, P. J.; VAN VOORHIS, J., dissents, in opinion.

Order reversed, with $20 costs and disbursements to appellant and judgment is directed to be entered dismissing the complaint herein, with costs. Settle order on notice.